DWIGHT BRIGHTMAN, SHERIFF OF COMANCHE COUNTY, V. GEORGE H. SHEPPARD, COMPTROLLER OF PUBLIC ACCOUNTS OF THE STATE OF TEXAS.

No. 6055. Decided April 19, 1933.
(59 S. W., 2d Series, 112.)

F. O. Jaye, of Comanche, for relator.

The fact that relator, Dwight Brightman, had secured an executive warrant from another State to return the prisoner to this State for trial, does not destroy his right to fees earned as sheriff within the boundaries of this State, but such executive warrant pertains to his services only while he is outside the limits of the State of Texas, and the fees to be paid for such services by the Governor as specified in Article 1006, Title 14, C. C. P., 1925, are for services alone outside of the State of Texas, and while he was acting in his capacity as sheriff of Comanche County, Texas, under the authority of a capias issued from a court of competent jurisdiction, he is therefore entitled to receive his fees for mileage traveled within this State, in furtherance of the duties imposed upon him by said capias. Article 1030, Subds. 1 and 4, Ch. 2, Title 15, C. C. P., 1925; Binford v. Robinson, 112 Texas, 84, 244 S. W., 807.

*James V. Allred,* Attorney General, *Everett F. Johnson* and *W. N. Sands,* Assistants Attorney General, for respondents.

Relator having been commissioned by the Governor of the State of Texas to go to the State of Montana after a fugitive from justice, is entitled to receive such compensation only as the Governor of the State of Texas may allow him under and by virtue of Articles 1005 and 1006, Code of Criminal Procedure for 1925.

The fact that relator traveled as a specially commissioned officer, an agent of the Governor of the State of Texas, precludes the relator from now asserting that he traveled as the Sheriff of Comanche County, Texas, in making the arrest and returning defendant for trial. Arts. 1005-1006, 1029-1030, C. C. P.; State v. Moore, 57 Texas, 307; McLennan County v. Boggess, 104 Texas, 311; Smith v. Cathey (Civ. App.), 226 S. W., 158, 36 Cyc., 882.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

This is an original mandamus proceeding. The only question presented for determination is whether a duly qualified and acting sheriff, who has been commissioned by the governor of this state to return a fugitive from another state, is entitled, under the provisions of Art. 1030, Code of Criminal Procedure, 1925, to the mileage therein provided for his services in going to the state line and returning from such point with said fugitive.

A decision of this question turns upon a proper interpretation of Sec. 4, Art. 1030, Code of Criminal Procedure, construed in connection with Arts. 1005 and 1006, of the Code of Criminal Procedure of 1925. Sec. 4 of the first article reads as follows:

"For removing a prisoner, for each mile going and coming, including guards and all other expenses, when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner."

The latter articles provide:

"Art. 1005. When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense."

"Art. 1006. The officer or person so commissioned shall receive such compensation only as the Governor shall allow for such service, to be paid out of the State treasury upon a certificate of the Governor reciting the service rendered and the allowance therefor."

Art. 1006 as it appeared in the Revised Code of 1911 reads as follows:

"The *person* commissioned by the governor to bear a requisition for a fugitive from justice to another state or territory shall be paid out of the state treasury, a reasonable compensation for his services to be paid upon the certification of the governor specifying the services rendered and the amount to be paid therefor."

It is the relator's contention that in going after and returning the fugitive held by the authorities of the State of Montana, he was acting in a dual capacity, that of sheriff and the

duly commissioned agent of the governor; that inasmuch as he served upon the prisoner, when he entered the state at Tex-line, a capias issued under an indictment, he is entitled to the mileage going to and returning from said point which is provided in Art. 1030, and that for his services in traveling from said point to the State of Montana and returning he can be compensated only by such allowance as may be made by the governor of the state.

It is the contention of the respondent, through the Attorney General, that when a sheriff or other person has been commissioned by the governor as an agent for the purpose of returning a fugitive from another state, the amount of compensation allowable for such service is controlled solely by the provisions of Art. 1006, that is, such sum as may be determined by the governor.

A review of the legislation upon this subject compels the conclusion that respondent's position is sound and must be sustained.

Sec. 4 of Art. 1030 appeared in the Revised Code of Criminal Procedure of 1911 as Sec. 5 of Art. 1130. It read as follows:

"For removing a prisoner, for each mile going and coming, including guards and all other expenses when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner; provided, further, that when an officer goes beyond the limits of the state after a fugitive, on requisition of the governor, he shall receive such compensation as the governor shall allow for such services."

From the date of its enactment up until 1927 the above provision was construed by the Comptroller of this State as authorizing him to allow an officer who had been commissioned by the governor to return a fugitive from another state to collect the mileage provided therein, while traveling to and from the state line. We think this was a correct interpretation of the law upon the subject as it existed prior to the adoption of the Revised Code in 1925. The language of the statute in force prior to said date that "when an officer goes beyond the limits of the state after a fugitive he shall receive such compensation as the governor shall allow for such services" refers to the services in going to and returning from the state line to the point where the fugitive is taken into custody of the officer. In other words,

the provisions of Art. 1130, C. C. P., 1911, as well as the amending Act of 1923, specifically allowed the sheriff mileage for conveying a prisoner between any point within this state and the proviso thereto had reference only to his services in going beyond and returning to the state line with a prisoner. The fees provided in said article for the sheriff covered the former services, while the proviso fixed compensation for the latter.

The Legislature in 1923 re-enacted Art. 1130 with its proviso in the identical language it contained when a part of the Code of 1911. If such proviso had been retained in the revision of the Code in 1925, and no change had been made in Art. 1006, relator's position would be unassailable. A substantial change, however, was made by the Legislature in adopting the Revised code of 1925. The proviso contained in the Act of 1923 was eliminated and Art. 1006 which had theretofore provided for *reasonable compensation* for the person so commissioned was changed by the codifiers by making it apply to the "officer" as well as a person commissioned by the governor and both were confined to *"such compensation only"* for the services rendered as might be determined by the governor. These articles seem to have been designed to completely cover the subject of compensation for services rendered by an officer or person commissioned by the governor to return a fugitive from justice to this State. Art. 1005 authorizes the governor to commission any suitable person to go to another state for the purpose of returning a fugitive from justice. The person appointed may be an officer or he may be a private citizen. Art. 1006 in plain and specific terms stipulates that "the *officer* or *person* so commissioned shall receive *such compensation only* as the governor shall determine *for such services.*" The services referred to in this article are not the limited services covered by the proviso of the Act heretofore referred to, that is, while traveling beyond the state line. It has reference to the entire services of the agent in performing the delegated task. In language too clear to admit of doubt it is provided that for "such services" the *only compensation* which the officer or person shall receive is that which may be determined by the governor.

The act of the codifiers of 1925 in eliminating the proviso contained in the Act of 1923 and substituting in lieu thereof Art. 1006, with the change heretofore referred to, when adopted by the Legislature, manifested an unmistakable intention upon the part of the law making body to require an officer or other person performing the services of returning a fugitive from justice from another state, under commission from the governor

of this State, to look alone for compensation to the provisions of Art. 1006.

ꞌ We recommend that relator's petition for mandamus be denied.

The opinion of the Commission of Appeals is adopted, and the mandamus refused.

C. M. CURETON, Chief Justice.