

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

March 13, 1948

Hon. Beauford H. Jester,
Governor of Texas,
Capitol Building,
Austin, Texas

Attention: Mr. Ransom

Opinion No. V-520

Re: Liability of the State
for traveling expenses
incurred by an agent of
the State commissioned
by the Governor for de-
manding and receiving
from authorities of
another state a fugi-
tive from justice and
returning him to Texas.

Dear Governor:

Reference is made to a request for an opinion,
dated February 17, signed by Mr. L. D. Ransom, one of
your Secretaries, which reads:

"The Governor's Office seeks an opin-
ion on the following:

"Deputy Sheriff from Austin, Travis
County, Texas, . . . went after and return-
ed the party by the name of Walter Lee
Lyons from Los Angeles, California. They
are now rendering an expense account in the
amount of $65.30 to be paid from the Gov-
ernor's funds covering the return of fugi-
tives. Is approval necessary from the Gov-
ernor's Office for this expense account be-
fore this trip is made?

"Will appreciate your giving the under-
signed an opinion on the above."

Mr. Ransom has verbally advised us that a requi-
sition was issued by you to the Governor of the State of
California demanding the apprehension of one Walter Lee
Lyons, a fugitive from Justice from this State, who was
then in California, and to deliver him to the Deputy Sher-
iff of Travis County, whom you commissioned as agent of

this State to receive the fugitive, return, and deliver him to the Sheriff of Travis County. Your requisition was honored by the Governor of the asylum state and the fugitive was delivered to the agent, who fulfilled his mission by delivering the fugitive into the custody of the Sheriff of Travis County. It is also our information that the commission was written on an old blank form which was printed and used during the administration of one of your predecessors in office, and on which there was printed at the bottom thereof these words:

> "No expenses whatsoever will be allowed or paid by the State of Texas unless specially stipulated and embraced in the above appointment."

Since the foregoing quotation was embraced in the agent's commission, we must determine whether you may now legally approve and certify to the Comptroller for payment the account of the agent for the actual and necessary expenses incurred by him in performance of his duties. We believe our answer is controlled by Article 1005 and Section 1 of Article 1006, V. C. C. P., and Item 16 of the current appropriations made to the Executive Department. Article 1005 and Section 1 of Article 1006 read, respectively:

Article 1005.

> "When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense."

Article 1006.

> "Section 1. The officer or person so commissioned <u>shall receive as compensation the actual and necessary traveling expenses</u> upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor." (Emphasis added)

Item 16 of the Appropriations made to the Executive Department is an appropriation of $25,000 for each year of the current biennium for "Returning Fugitives from Justice."

Article 1006, V. C. C. P., before it was amended in 1935 (Acts 44th Leg., ch. 162, p. 412) read:

"The officer or person so commissioned shall receive such compensation only as the Governor shall allow for such service, to be paid out of the State treasury upon a certificate of the Governor reciting the services rendered."   (Emphasis added)

The amount to be paid to an agent of the State, commissioned by the Governor under the provisions of Article 1005, V. C. C. P., was by Article 1006 left to the discretion of the Governor. Brightman, Sheriff, v. Sheppard, Comptroller (1933), 122 Tex. 318, 59 S. W. 2d 112. Article 1006, prior to its amendment in 1935, did not specifically provide, as it does now, that the officer or person so commissioned shall receive as compensation his actual and necessary traveling expenses to be allowed by the Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor.

A very material change was made in Article 1006 by the Amendment of 1935. Prior thereto, it made no mention whatever of traveling expenses of the agent, nor did it fix any rule for the guidance of the Governor in determining the amount of compensation he could allow for all of the agent's services. The amount of compensation was left entirely to his discretion. Whatever amount he allowed, whether adequate or inadequate, or none at all, was final. The amended statute is plain, definite and unambiguous. It clearly provides that an agent of the State commissioned by the Governor, as was the officer in this instance, shall receive from the State of Texas as compensation for his services his "actual and necessary traveling expenses." The amount of such expenses may be definitely determined, for the statute contemplates that the expense account of the agent will be itemized when presented to the Governor for approval and certification to the Comptroller for payment. The Governor may require such verification of such an account as he deems proper and may refuse any item thereof which he thinks is not a necessary expense.

It is our opinion that the Legislature has made the payment of such expenses, upon approval of the Governor as to the correctness thereof, an obligation of the State of Texas and has made an appropriation to discharge that obligation.

Since the payment of the actual and necessary traveling expenses of an agent of the State is an obligation of the State, it is our opinion the Legislature intended that all such obligations should be paid without exception by the State. It is our further opinion the only discretion which the Governor has when an account for such expenses is presented to him for approval is to determine the correctness thereof, and, when an account is approved, it then becomes his duty to certify the same to the Comptroller for payment. We, therefore, conclude that your question should be answered in the negative.

## SUMMARY

Section 1 of Article 1006, V. C. C. P., makes the payment of all actual and necessary traveling expenses incurred by an agent of the State, commissioned by the Governor in accordance with the provisions of Article 1005, V. C. C. P., an obligation of the State of Texas.

In order for an agent, commissioned by the Governor in accordance with the provisions of Article 1005, V. C. C. P., to be paid his actual and necessary traveling expenses, it is not necessary that a stipulation providing for such payment be inserted in the commission.

When a commission issued by the Governor to an agent, under authority of Article 1005, V.C.C.P., contains no specific stipulation that the actual and necessary traveling expenses of the agent will be allowed, but does contain a provision to the effect such expenses will not be allowed unless specifically stipulated therein, such a provision is contrary to the plain provisions of Article 1006, V. C. C. P., and is wholly ineffective to

defeat the right of the  agent to collect
such expenses or to prevent the Governor
from approving his account for payment.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce W. Bryant*
Bruce W. Bryant
Assistant

BWB:wb

APPROVED:

*Hagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL